## IN THE COURT OF APPEALS OF IOWA

No. 21-0361
Filed August 4, 2021

**IN THE INTEREST OF L.C.,**
**Minor Child,**

**K.C., Mother,**
　　Appellant.

_____

Appeal from the Iowa District Court for Wayne County, Monty Franklin,

District Associate Judge.


The mother appeals the order terminating her parental rights.  **AFFIRMED.**


Tamara Knight of Knight Law Office, Greenfield, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

Marc Anthony Elcock, attorney and guardian ad litem for minor child.


Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

The parental rights of the mother of this six-year-old child were terminated under Iowa Code section 232.116(1)(a), (e), (f), and (*l*) (2020).[1] The mother appeals, challenging termination of her rights under section 232.116(1)(a) and (e) and asserting termination was not in the child's best interests.

Termination-of-parental-rights proceedings follow a three-step process. *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016). The first step is to determine whether a ground for termination under section 232.116(1) has been established. *Id.* The second step is to determine whether the best-interest-of-the-child framework under section 232.116(2) supports termination. *Id.* The third step is to consider whether any exceptions under section 232.116(3) should be applied to avoid termination of parental rights. *Id.* If a parent does not challenge one of the steps, we do not address that step. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Here, the mother challenges only the first two steps, so we do not address the third. Our standard of review is de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). On de novo review, we give respectful consideration to the factual findings of the juvenile court, especially as they relate to credibility determinations, but we are not bound by them. *Id.*

We begin with the first step—grounds for termination. As noted, the juvenile court terminated the mother's parental rights under section 232.116(1)(a), which permits termination when a parent consents to it. Here, the mother filed a written

---

[1] Although diligent efforts were made to do so, a father of the child could not be identified. The parental rights of all putative fathers were terminated after original notice to all putative fathers was given by publication.

consent to termination of her rights on the day of the termination-of-parental-rights hearing, and the termination petition was amended to add a ground for termination under section 232.116(1)(a) without objection from the mother.[2] Two days later, after the record was closed, the mother's attorney filed a notice that the mother was revoking her consent. The notice of revocation of consent was filed nearly two months before the juvenile court issued its ruling terminating the mother's rights. Despite the attempted revocation, the court terminated the mother's rights based on her consent.

On appeal, the mother asserts the juvenile court could not terminate her rights based on her consent because she revoked that consent before the court ruled. We need not decide whether the mother could effectively revoke her consent after the record closed so as to avoid termination under section 232.116(1)(a). This is because the juvenile court relied on other grounds for termination, and the mother concedes that grounds for termination exist under section 232.116(1)(f) and (*l*).[3] When the juvenile court terminates parental rights

---

[2] After signing the consent, the mother declined to participate in the termination hearing and was not present during it. Her attorney did attend the hearing on the mother's behalf.

[3] To prove grounds for termination under section 232.116(1)(f), the court must find all of the following:

    (1)  The child is four years of age or older.

    (2)  The child has been adjudicated a child in need of assistance pursuant to section 232.96.

    (3)  The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

    (4)  There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

on more than one ground, we may affirm on any ground supported by the record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). As the mother concedes grounds for termination exist under section 232.116(1)(f) and (*l*), we affirm on those grounds. *See id.*; *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal.").

The mother's remaining challenge is her claim that termination of her rights was not in the child's best interests. In determining whether termination is in the best interests of the child, our "primary considerations are 'the child's safety,' 'the best placement for furthering the long-term nurturing and growth of the child,' and 'the physical, mental, and emotional condition and needs of the child.'" *P.L.*, 778 N.W.2d at 37 (quoting Iowa Code § 232.116(2)). On our de novo review, we agree with the juvenile court that termination of the mother's parental rights is in the child's best interests.

---

Termination under section 232.116(1)(*l*) requires proving all of the following:

    (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96 and custody has been transferred from the child's parents for placement pursuant to section 232.102.

    (2) The parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts.

    (3) There is clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home.

The child was removed from the mother's care when it was discovered the mother was abusing illegal drugs and the residence in which they lived was also being occupied by wild raccoons and was filled with animal feces.

Throughout the life of the case, the mother has followed a pattern of essentially disappearing for several months, reappearing to ask service providers for help, and then disappearing again shortly after services are arranged. This pattern began when the mother and her boyfriend at first refused to participate in drug testing. When they eventually did so, they both tested positive for methamphetamine. By the time of the dispositional hearing in the underlying child-in-need-of-assistance case, the mother's whereabouts were unknown. She did not attend the dispositional hearing or any hearing after that, including the termination-of-parental-rights hearing.[4] She failed to obtain suitable housing for herself or the child and she remained unemployed.

As part of her sporadic involvement with services, the mother failed to address her substance-abuse issues. She skipped multiple substance-abuse evaluation appointments before eventually being evaluated. Once evaluated, inpatient treatment was recommended, but she failed to attend multiple admission meetings. When she finally began inpatient treatment over six months later, she left the treatment facility after only one day. The Iowa Department of Human Services made arrangements to transport the mother to another inpatient facility three times, but the mother canceled each time.

---

[4] As noted, although the mother did not attend the termination hearing, she did communicate with her attorney on the day of the hearing to execute the consent to termination of her parental rights and direct the filing of the consent.

The mother also neglected to address her mental-health issues, including failing to get help addressing the aftermath of her long history of involvement with abusive men. Despite recommendations for treatment, there is no indication the mother has participated in the treatment.

At the time of the termination hearing, the mother had not visited the child in over fourteen months. She had pending criminal issues, including a warrant for her arrest issued after she failed to appear for a probation revocation proceeding.

Based on the circumstances detailed above, the mother was not realistically any closer to resuming custody of the child than she was at the beginning of the case. The child, on the other hand, was doing well in the child's placement. The child had been in the same home for about eighteen months, with all needs of the child being met. *See* Iowa Code § 232.116(2)(b); *M.W.*, 876 N.W.2d at 225 (considering the child's integration into the home of the child's caretakers in assessing whether termination is in the child's best interests).

Based on our de novo review, we conclude the mother failed to challenge all statutory grounds for termination and terminating the mother's parental rights is in the child's best interests. As a result, we affirm the juvenile court.

**AFFIRMED.**